IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| JOHNNY RAY MARTINEZ | § | |
| VS. | § | CIVIL ACTION NO. 4:14cv473 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

Petitioner Johnny Ray Martinez, a prisoner confined in the Texas prison system, proceeding *pro se*, filed the above-styled and numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The cause of action was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation concluding that the petition should be denied and that a certificate of appealability should not be issued. Petitioner has filed objections.

Petitioner is challenging a conviction for sexual assault of a child. Petitioner contends his counsel was ineffective because he: (1) failed to seek out and interview potential witnesses; (2) failed to call character witnesses during the punishment phase; (3) failed to adequately advise him as to whether he should testify; (4) failed to prepare him to testify; (5) failed to request or receive notice of the prosecution's intention to introduce evidence of extraneous offenses or bad acts; (6) failed to object to testimony from the victim and (7) elicited testimony from petitioner that he had been in jail for two years prior to trial.

Pursuant to 28 U.S.C. § 2254(d), a federal court may not grant relief on a claim adjudicated in state court proceedings unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in state court. The Magistrate Judge analyzed each of petitioner's grounds for review and concluded that based on upon the applicable legal standard, they were without merit.

*First Ground for Review*

Petitioner was accused of having sexual relations with the victim in Denton County when she was less than 17 years of age. The victim and petitioner conceived a son when she was 16 years of age. As described by the intermediate appellate court, petitioner's defense at trial was based solely upon venue:

> At trial, Appellant admitted he had sex with J.C. when he was forty-three years old and she was sixteen, but he insisted that sexual relations occurred only in Dallas County. He denied having intercourse with J.C. before she was sixteen. Around the time of Halloween 2005, their sexual liaisons were always at J.C. father's apartment [in Dallas County] or at a hotel in Dallas County, but never at [petitioner's home in Denton County].

*Martinez v. State*, 2013 WL 241816 at *2 (Tex.App.-El Paso 2008).

In his first ground for review, petitioner asserted his trial strategy was always to prove the victim lied about a sexual relationship occurring in Denton County and that she had motive to lie because officials in Dallas County refused to pursue an indictment against him. Petitioner states he provided counsel with the names of three individuals would could have disproved much of what the victim told the police in her initial sworn statement and shown she had a motion to lie.

To establish counsel provided ineffective assistance, a habeas petitioner must demonstrate: (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish counsel's performance prejudiced the defense, a petitioner must demonstrate there is a reasonable probability the result of the proceeding would have been different if counsel had performed properly. *Day v. Quarterman*, 566 F.3d 527, 536 (2009).

The Magistrate Judge concluded petitioner failed to demonstrate he suffered prejudice because counsel failed to interview the persons identified and call them to testify at trial. The Magistrate Judge observed that as petitioner admitted he had sex with the victim when she was 16 years of age, the only factual issue the jury was required to decide was whether they had sex in Denton County, which, under Texas law, the prosecution was only required to prove by a preponderance of the evidence. The Magistrate Judge found that while the testimony petitioner

2

states would have been provided by the three individuals he identified could have called into question certain aspect of the victim's testimony and explained why she might have had a motive to testify falsely against petitioner, the testimony would not have contradicted her testimony that she and petitioner had sex in Denton County when she was 16 years old. As a result, the Magistrate Judge concluded there was not a reasonable probability petitioner would have been acquitted if the three individuals identified by petitioner had testified.

In his objections, petitioner states his only defense was even though he conceded having sex with the victim when she was 16 years old, this did not occur in Denton County. He states it was counsel's job to show they did not have sex in Denton County, as asserted by the victim. He states the best way to do this was to demonstrate the victim's story was not consistent and that she was motivated to lie so that petitioner would not get custody of their children. Petitioner asserts his proposed witnesses could have explained why the victim had a motive to provide false testimony and shown that the victim's story was not consistent.

The Magistrate Judge correctly points out that as petitioner admitted having sexual relations with the victim several times when she was 16 years old, the only issue for the jury to decide was whether the sexual relations occurred in Denton County or Dallas County. Moreover, Article 13.17 of the Texas Code of Criminal Procedure only required the prosecution to prove venue by a preponderance of the evidence rather than beyond a reasonable doubt.

With this in mind, it cannot be concluded the determination by the state courts that petitioner did not suffer prejudice as a result of counsel's failure to seek out, interview and call witnesses was contrary to, or an unreasonable application of, clearly established federal law. As the Magistrate Judge points out, the victim provided clear testimony that she and petitioner had sex in Denton County several times when she was 16 years old. Petitioner provided conflicting testimony. Petitioner's proposed witnesses may have called certain aspects of the victim's testimony into question and demonstrated she had a motive to provide false testimony. As described by petitioner, however, their testimony would have had no relevance to the issue of where the victim and

petitioner engaged in sexual relations. In light of the victim's clear testimony regarding venue and the reduced evidentiary burden applicable to this issue, there is not a reasonable probability petitioner would have been acquitted if his proposed witnesses had testified.

*Second Ground for Review*

No witnesses were called to testify on petitioner's behalf during the punishment phase of the proceedings. Petitioner states counsel told him he was not going to call character witnesses to testify in order to avoid opening the door to testimony regarding a charge of Engaging in Organized Criminal Activity. This charge was based on petitioner's activities while incarcerated in the Denton County Jail.[1] Counsel and the prosecutor agreed that this charge would not be brought up during the trial. Petitioner states their agreement did not extend to the punishment phase and that the prosecution presented evidence regarding the charge during the punishment phase. Petitioner states counsel should have requested a list of character witnesses, interviewed them, and called them to testify on his behalf.

The Magistrate Judge concluded petitioner failed to demonstrate he suffered prejudice because witnesses were not called to testify on his behalf during the punishment phase. The Magistrate Judge acknowledged petitioner received the maximum sentence that could be imposed for his offense. However, she stated that in light of the testimony the jury heard concerning petitioner's offense and his prior felony convictions, there was not a reasonable probability petitioner would have received a significantly less harsh sentence if witnesses had testified on petitioner's behalf during the punishment phase.

In his objections, petitioner states his prior convictions were not for sexual offenses and that they were committed more than 25 years prior to his trial. He states he had built a successful business and had clients, friends and family members who were prepared to testify on his behalf.

---

[1] In an affidavit filed in connection with petitioner's state applications for writ of habeas corpus, counsel stated this charge was based on allegations that petitioner: (1) acted as the "mastermind" behind a scheme in which jailers provided him with special favors, such as access to cellular phones; and (2) paid jailers to threaten the victim while they were off duty. State Habeas Clerk's Record at 1460.

Petitioner's assertion that the age of his prior convictions would have had a mitigating effect is correct. Nonetheless, petitioner did have two prior convictions for which terms of imprisonment of 40 and 60 years of imprisonment were imposed. The seriousness of the prior offenses is demonstrated by the lengthy prison terms petitioner received. Moreover, the jury heard evidence demonstrating petitioner committed acts constituting sexual assault of a child on several occasions. The character testimony described might have been of some benefit to petitioner. However, in light of the number of times he committed the offense with which he was charged and the fact that this was his third felony conviction, the Court is unable to conclude there is a reasonable probability he would have received a significantly less harsh sentence if character witnesses had testified.[2] Petitioner has therefore failed to demonstrate prejudice.

*Third Ground for Review*

In his third ground for review, petitioner contends counsel failed to advise him as to whether he should testify on his own behalf and failed to explain the advantages of doing so. While he acknowledges he had concluded the only way for him to prevail at trial would be for the jury to hear the truth and that he was the only person available to tell it, he states he was still counting on the guidance of counsel as to how this could best be done.

The Magistrate Judge concluded petitioner had not shown he suffered prejudice with respect to this ground for review. She stated petitioner appeared to be asserting that if counsel had done a better job of explaining the advantages and disadvantages of testifying, he would not have testified. However, this would have meant there would have been no testimony contradicting the victim's testimony that she and petitioner had sex in Denton County while she was 16 years old. The Magistrate Judge concluded there was not a reasonable probability the jury would have disregarded the victim's uncontradicted testimony and acquitted petitioner.

---

[2] To demonstrate *Strickland* prejudice with respect to a noncapital sentence, a petitioner must show that but for counsel's errors, there is a reasonable probability his sentence would have been significantly less harsh. *Dale v. Quarterman*, 553 F.3d 876, 880 (5th Cir. 2008).

Petitioner states counsel acknowledged that he did not give any advice to petitioner with regard to testifying. He states counsel had a duty to provide advice on this point so petitioner could make an informed decision about whether or not to testify. Petitioner asserts that if counsel had done a better job of explaining the advantages and disadvantages of testifying, he might have chosen not to testify.

Petitioner testified that he and the victim had sex in Dallas County rather than Denton County. The victim testified to the contrary. If petitioner had not testified, there would have been no evidence to contradict the victim's testimony. The Magistrate Judge correctly concluded that in the absence of any contradictory evidence, there is not a reasonable probability the jury would have ignored her testimony and acquitted petitioner.

*Fourth Ground for Review*

Petitioner states counsel only met with him four times prior to trial and that each visit lasted approximately 10-20 minutes. He state counsel mainly focused on telling him not to say he was a "good guy," as this would have opened the door to testimony regarding the charge of Engaging in Organized Criminal Activity. He contends counsel failed to properly prepare him to testify.

The Magistrate Judge again concluded petitioner had failed to demonstrate prejudice. She observed petitioner had not explained what additional steps counsel should have taken to prepare him to testify. Nor had he explained how additional preparation would have put him in a better position to contradict the victim's testimony that she and petitioner had sex in Denton County when she was 16 years old. As this was the only factual issue the jury needed to resolve, the Magistrate Judge stated there was not a reasonable probability petitioner would have been acquitted if counsel had taken additional steps to prepare him to testify.

Petitioner states he has demonstrated counsel's over-all lack of preparation for trial. He states counsel should have gone over police reports and all of the discovery with petitioner. He also asserts counsel should have told him to keep his answers brief and succinct and not to attempt to explain his answers, which made petitioner appear nonresponsive. Petitioner states counsel failed

6

to provide the jury with evidence that was readily available to him proving petitioner and the victim did not have sex in Denton County while she was 16 years old.[3]

Petitioner has now identified additional steps counsel could have taken to better prepare him for his testimony. While these steps might have been beneficial to petitioner, they would not have made his assertions that he and the victim had sex when she was under 17 years of age in Dallas County rather than Denton County more persuasive. In the absence of any indication better preparation would have made petitioner's testimony on the only factual issue in the case more persuasive, there is not a reasonable probability petitioner would have been acquitted if counsel had taken the additional steps petitioner now describes.

*Fifth and Sixth Grounds for Review*[4]

In his fifth ground for review, petitioner faults counsel for failing to request or receive notice of the prosecution's intention to introduce evidence of extraneous offenses or bad acts. He states counsel observed in an affidavit that he requested and received notice that if the door was opened, the prosecution would introduce evidence regarding the charge of Engaging in Organized Criminal Activity. Despite this, petitioner states allegations against him by a former stepdaughter were introduced at trial. Petitioner states that while counsel should have been aware of the allegations, he failed to request notice from the prosecution of its intention to bring up these prior bad acts.

The Magistrate Judge noted that counsel had submitted an affidavit stating he had requested and received notice of extraneous and bad acts. The state habeas trial court found the statements in counsel's affidavit to be credible and specifically found petitioner requested and received evidence of petitioner's extraneous bad acts. The Magistrate Judge concluded that in light of counsel's affidavit, the state court's findings were not an unreasonable determination of the facts in light of the evidence presented in state court. Accordingly, counsel's actions with respect to this ground for

---

[3] Petitioner has not described the evidence that was supposedly available to counsel showing he and the victim did not have sex in Denton County.

[4] As petitioner combined these grounds for review in his objections, the Court will also combine them.

review did not fall below an objective standard of reasonableness. Further, the Magistrate Judge found that as the allegations made against petitioner by his stepdaughter were not related to the issue of whether the victim and petitioner had sex in Denton County when she was 16 years old, there was not a reasonable probability the result of the proceeding would have been different if the evidence petitioner described had not been presented.

In his sixth ground for review, petitioner states Detective Michelle Grigg previously investigated him regarding allegations made by a former stepdaughter. He states he passed a polygraph examination regarding the allegations and that no charges were filed. Petitioner states that in her sworn affidavit concerning the charge at issue in this proceeding, Detective Grigg included several pages concerning the prior incident. He states that when the prosecutor asked Detective Grigg during trial if she knew petitioner prior to making a statement against him, she stated she had investigated petitioner in a prior case. Petitioner asserts counsel should have objected to this testimony and attempted to question Detective Grigg about the prior investigation. In addition, petitioner contends counsel should have objected to the victim's statement that petitioner had confessed to molesting his former stepdaughter and established during cross-examination that her statement was not true.

The Magistrate Judge stated that based on counsel's affidavit, the state habeas trial court found petitioner instructed counsel not to object to allegations of other sexual misconduct because petitioner wanted counsel to embrace these allegations as proof that the victim was crazy and therefor not a credible witness. The Magistrate Judge stated this finding was not an unreasonable determination of the facts in light of the evidence presented in state court and that, as a result, it could not be concluded counsel performance on this point fell below an objective standard of reasonableness.

The Magistrate Judge further concluded petitioner had not established prejudice. The Magistrate Judge stated Detective Grigg's statements were innocuous and provided no details concerning the prior investigation. She also stated that while the victim's statement was more

damaging because it involved conduct similar to that for which petitioner was on trial, petitioner admitted in his testimony that he committed the acts alleged in the indictment. As a result, the effects of the victim's testimony regarding petitioner's confession were mitigated. The Magistrate Judge therefore concluded there was not a reasonable probability the result of the proceeding would have been different if counsel had made the objections and taken the additional steps petitioner describes.

In his objections, petitioner reasserts his contentions and states it was error for counsel not to object and allow the testimony petitioner describes to stand. He contends that statements made in counsel's affidavit were not credible and disagrees with the Magistrate Judge's conclusion regarding prejudice.

As stated above, a federal habeas court can only disregard a state court's findings of fact if it concludes the state court made an unreasonable determination of fact in light of the evidence before it. This requires a petitioner to rebut the state court's findings by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet this burden. While the state court could have found counsel's affidavit not to be credible, it chose not to do so. The record in this matter does not demonstrate this finding was unreasonable.[5] As a result, this Court is bound by the finding and is therefore unable to conclude counsel's performance on this point fell below an objective standard of reasonableness.

Further, petitioner has failed to establish prejudice. The testimony regarding petitioner's stepdaughter's allegations and his supposed confession was damaging. However, the testimony was not related to the sole factual issue in the case. In light of the victim's clear testimony regarding where she and petitioner had sex, there is not a reasonable probability petitioner would have been acquitted if the testimony he describes had been stricken as a result of any objection by counsel.

---

[5] With respect to the state court's finding that petitioner told counsel not to object to allegations of other sexual misconduct in order to show the victim was crazy and therefore not credible, the Magistrate Judge observed that reasonable minds could disagree as to whether petitioner or counsel was more credible. The Court agrees. However, petitioner has not presented clear and convincing evidence that the state court's finding was erroneous.

*Seventh Ground for Review*

In his final ground for review, petitioner states counsel was ineffective for eliciting testimony that petitioner had been incarcerated while awaiting trial. He asserts that while counsel states it was petitioner's idea to bring this up, counsel nevertheless had a legal obligation to explain why such testimony could be damaging. He also denies ever instructing counsel to bring up the fact he was incarcerated while awaiting trial and states he knew this fact would cause some jurors to believe his pre-trial incarceration was the result of his being on probation as the result of a prior conviction.

Based on counsel's affidavit, the state habeas trial court found that petitioner asked counsel to elicit testimony petitioner had been in jail for two years prior to trial as part of a jury nullification strategy. The state court further found that while counsel told petitioner this information might hurt his case, petitioner still wanted the testimony elicited. The Magistrate Judge stated this finding was not an unreasonable determination of the facts and that, as a result, it could not be concluded counsel's performance on this point fell below an objective standard of reasonableness. The Magistrate Judge further concluded petitioner had not demonstrated prejudice because petitioner's assertion as to what the jury might believe was speculative and petitioner's pretrial incarceration was not related to the issue of whether petitioner and the victim had sex in Denton County when she was 16 years old.

Petitioner states counsel's eliciting testimony regarding his pretrial incarceration demonstrated a total lack of professionalism. He repeats his assertion that he did not instruct counsel to ask him about his pretrial incarceration. He states the Magistrate Judge is naive to believe people do not understand that defendants who remain incarcerated prior to trial typically do so because their release on parole or probation has been revoked.

As stated above, a state court's findings of fact may only be disregarded by a federal habeas court if a petitioner rebuts them by clear and convincing evidence. While the state courts could have chose not to find counsel's affidavit credible, their failure to do so was not an unreasonable determination of the facts in light of the evidence before them. Petitioner has not presented clear and

convincing evidence to the contrary. Counsel's performance on this point therefore did not fall below an objective standard of reasonableness. In addition, the Court agrees with the Magistrate Judge's conclusion that petitioner has not demonstrated prejudice because his assertion as to what conclusion the jury might have drawn from his pretrial incarceration is speculative and his pretrial incarceration is not related to the only factual issue in the case.

*Motion to Amend*

In addition to his objections, petitioner has filed a motion (doc. no. 41) seeking leave to amend his petition to include an additional ground for review. Petitioner was represented at trial by Derek A. Adame, who was appointed to represent petitioner. Petitioner states he had previously been represented by three retained attorneys and two appointed attorneys. In his additional ground for review, petitioner contends the trial court erred by permitting two of his retained attorneys, Margaret Shelton and Denver McCarty, to withdraw. He asserts this error deprived him of his counsel of choice.

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts permits application of the Federal Rules of Civil Procedure in habeas cases "to the extent that [the civil rules] are not inconsistent with any statutory provisions or [the habeas] rules." *Mayle v. Felix*, 545 U.S. 644, 654 (2005); *see also* FED. R. CIV. P. 81(a)(2) (The civil rules "are applicable to proceedings for . . . habeas corpus."). In addition, 28 U.S.C. § 2242 provides that habeas petitions "may be amended . . . as provided in the rules of procedure applicable to civil actions."

Petitioner filed his motion more than 21 days after the respondent filed an answer. As a result, Federal Rule of Civil Procedure 15(a)(2) requires him to obtain leave of court to amend his petition. Rule 15(a)(2) provides that the court "should freely give leave when justice so requires." However, "the grant or denial of an opportunity to amend is within the discretion of the District Court," and the court may deny a motion to amend when the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Duzich v. Advantage Finance Corp.*, 395 F.3d 527, 531 (5th Cir. 2004) (concluding that the district court did not abuse its discretion in denying a motion to

11

amend when amendment would be futile). An amendment is futile when the additional ground for review would be subject to dismissal. *DeLoach v. Woodley,* 405 F.3d 496, 496-97 (5th Cir. 1968) ("The liberal amendment rules of [Rule] 15(a) do not require that courts indulge in futile gestures.").

For the reasons set forth below, petitioner's additional ground for review is subject to dismissal as procedurally barred. Petitioner's motion to amend will therefore be denied as futile.

A state prisoner must normally exhaust all available state remedies before he can apply for federal habeas relief. *See Ex parte Royall*, 117 U.S. 241, 251 (1886); 28 U.S.C. §2254(b) and (c). To have exhausted his state remedies, a habeas petitioner must have fairly presented the substance of his claim to the highest state court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default. If a state court clearly and expressly bases its dismissal of a petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for dismissal, the prisoner has procedurally defaulted his federal habeas claim. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). A procedural default also occurs when a prisoner fails to exhaust available state remedies and "the court to which the prisoner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred." *Id*. at 735, n. 1.

In *Ex parte Barber*, 879 S.W. 2d 889 (Tex.Crim.App. 1994), the Texas Court of Criminal Appeals announced that it would as a rule dismiss as an abuse of the writ a successive state application for writ of habeas corpus which raised issues that existed at the time a prisoner filed his initial state application. The United States Court of Appeals for the Fifth Circuit subsequently concluded Texas courts were regularly and strictly applying the abuse of the writ doctrine and that the doctrine could therefore be relied upon as an adequate and independent state ground forming the basis for application of the procedural default doctrine. *Emery v. Johnson*, 139 F.3d 191, 195 (5th Cir. 1997); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995).

Petitioner did not assert his additional ground for review in his petition for discretionary review or his state applications for writ of habeas corpus. He has therefore not presented his

additional ground for review to the highest state court. As the Court of Criminal Appeals would not consider a further state application asserting his additional ground for review, and as petitioner has not shown cause and prejudice for failing to previously present the additional ground for review or that a fundamental miscarriage of justice would result from this court's refusal to consider the claim,[6] consideration of the additional ground for review would be procedurally barred. Granting petitioner leave to add his additional ground for review would therefore be futile and the motion to amend is accordingly **DENIED**.

The Report of Magistrate Judge Nowak, which contains her proposed findings of fact and conclusions of law, as well as a recommendation for the disposition of this action, has been presented for consideration, and having made a *de novo* review of the objections raised by petitioner to the Report, the Court is of the opinion the findings and conclusions of the Magistrate Judge are correct and petitioner's objections are without merit. Therefore, the Court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus which has been filed pursuant to 28 U.S.C. § 2254 is **DENIED** and the case is **DISMISSED** with prejudice. All motions not previously ruled on are hereby **DENIED**. A certificate of appealability shall not be issued in this matter.

**SIGNED this 1st day of September, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[6] A procedural bar may be overcome by demonstrating cause and prejudice for the default or establishing that a fundamental miscarriage of justice would result from the court's refusal to consider the claim. *Coleman,* 501 U.S. at 749-50.